# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| BVS, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> vs. <br><br> CREDIT UNION EXECUTIVES SOCIETY, INC., <br><br> Defendant/Counterclaim Plaintiff. | No. C15-0068 <br><br> ORDER DENYING MOTION FOR NEW TRIAL |

This matter comes before the Court on the Motion for New Trial (docket number 73) filed by Plaintiff BVS, Inc. on December 15, 2016, and the Resistance (docket number 78) filed by defendant Credit Union Executives Society, Inc. ("CUES") on December 26. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. BACKGROUND

BVS is an Iowa corporation which focuses on helping financial institutions enhance their customer service, employee satisfaction, and profitability through training and technology. CUES is a Wisconsin corporation focusing on leadership development for management-level employees at credit unions. On May 31, 2011, BVS and CUES executed a Master Agreement and related Addendum. Pursuant to the Agreement, CUES afforded BVS access to its marketing vehicles and membership. In consideration, BVS paid CUES a royalty/commission.

On July 6, 2015, BVS sued CUES, claiming CUES had failed to provide BVS with the marketing opportunities required by the Agreement. CUES filed a counterclaim,

asserting BVS breached the Agreement by failing to pay the required commissions. Following a five-day trial, the jury found for CUES.

## *II. DISCUSSION*

In its instant motion, BVS seeks a new trial on two grounds: First, BVS argues the Court erred in granting CUES' RULE 50(a) motion for judgment as a matter of law on BVS' claim of fraud in the inducement. Second, BVS argues the Court erred in granting CUES' motion *in limine*, precluding BVS from introducing evidence of "benefit of the bargain" damages.

FEDERAL RULE OF CIVIL PROCEDURE 59(a)(1)(A) authorizes the Court to grant a new trial on all or some of the issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court." In *White v. Pence*, 961 F.2d 776 (8th Cir. 1992), the Court discussed at length the standard to be applied by the trial court in considering a motion for new trial. "[T]he standard is simply one as to whether a miscarriage of justice has occurred." *Id.* at 778. *See also Murphy v. Missouri Dept. of Corrections*, 506 F.3d 1111, 1116 (8th Cir. 2007) ("The grant of a motion for new trial is appropriate only if 'the verdict is against the weight of the evidence and allowing it to stand would result in a miscarriage of justice.'"); *Beckman v. Mayo Found.*, 804 F.2d 435, 439 (8th Cir. 1986) ("The district court can only disturb a jury verdict to prevent a miscarriage of justice.").

### *A. Measure of Damages*

BVS argues the Court erred in a pretrial ruling and in a trial ruling, thereby requiring a new trial. In a pretrial motion *in limine*, CUES asked the Court to prohibit BVS from offering evidence regarding alleged "benefit of the bargain" damages. As detailed in the Court's Ruling (docket number 58) on the motion *in limine*, BVS filed this action on July 6, 2015.[1] Throughout the pendency of this action, BVS consistently

---

[1] BVS previously filed a similar action in June 2014, which was removed to this Court in July
(continued...)

described its damages as "recovering all royalties paid to CUES." BVS approximated the damages at $1 million. As recently as May 2016, BVS' attorney refused to produce BVS' financial information, arguing it was irrelevant because "BVS' damages claim constitutes recovering the royalties it paid to CUES." It was not until September 9, 2016 — just 80 days prior to trial, and after the deadline for completing discovery had expired — that BVS served CUES with a supplemental RULE 26 initial disclosure, stating that BVS intended to seek damages for "lost expectations/benefit of the bargain: $4,787,510.51."

As I discussed in my Ruling on CUES' motion *in limine*, FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)(A)(iii) requires a party to disclose "a computation of each category of damages claimed by the disclosing party," and further requires the party to make available documents or other materials bearing on those damages. Furthermore, RULE 26(e)(1)(A) requires a party to supplement its disclosure "in a timely manner." If a party fails to provide information as required by RULE 26(a) or (e), then it is prohibited from using the information at trial "unless the failure was substantially justified or is harmless." *See* FED. R. CIV. P. 37(c)(1).

I concluded BVS' failure to supplement its damages claim until 80 days prior to trial, and well after the deadline for discovery had expired, was neither substantially justified nor harmless. This case had been pending for more than a year — and a similar case was brought the previous year — before BVS alerted CUES that it intended to seek nearly $5 million in alleged lost profits. By that time, it was too late for CUES to conduct appropriate discovery (which had previously been refused by BVS) or retain a necessary expert witness. Because BVS' new theory of damages was not disclosed in a timely manner, I concluded it could not advance that measure of damages at trial. For all of the reasons set forth in my previous ruling, I decline the opportunity to reverse myself now.

---

[1](...continued)
2014. *See BVS, Inc. v. Credit Union Executive Society, Inc.*, No. 1:14-cv-00091-LRR (N.D. Iowa). BVS dismissed that action in December 2014, apparently believing a settlement had been reached.

3

I also note parenthetically that the error, if any, in refusing to allow BVS to offer benefit of the bargain damages is harmless. That is, the jury found for CUES on the breach of contract dispute and, therefore, *never reached* BVS' alleged damages. In other words, BVS could not recover benefit of the bargain damages in any event, even if they could be proved, because the jury found CUES had not breached the contract.

## B. Fraud in the Inducement

The parties' Agreement provided that "CUES will make available, at no cost, space in its various marketing vehicles for promotion of the Products in accordance with CUES and BVS overall marketing strategies for the Products." The Agreement does not define "make available," "space," or "marketing vehicles." The Agreement was primarily drafted by BVS' president and sole shareholder, Roy Karon. Karon testified, however, that he was persuaded by a CUES employee, Dennis Porter, to use "vague" language in order to promote "flexibility." At trial, Karon testified the contract required CUES to provide BVS with "unfettered access" to CUES' conferences and publications. Specifically, BVS argued that CUES breached the contract by failing to place BVS' ads on the back inside cover of CUES' magazine, and by not allowing Karon to speak in prime times at select conferences.

At the conclusion of BVS' evidence, CUES moved for judgment as a matter of law pursuant to FEDERAL RULE OF CIVIL PROCEDURE 50(a). The Court may grant judgment against a party on a claim if it "finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." *Id.* That is, in ruling on a motion for judgment as a matter of law, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The Court must view the evidence in the light most favorable to the nonmoving party and "must not engage in a weighing or evaluation of the evidence or consider questions of credibility." *Kinserlow v. CMI Corp.*, 217 F.3d 1021,

4

1025 (8th Cir. 2000) (quoting *Smith v. World Ins. Co.*, 38 F.3d 1456, 1460 (8th Cir. 1994)). However, "the nonmoving party is only entitled to the benefit of reasonable inferences." *Id.* at 1026. "A 'reasonable inference is one which may be drawn from the evidence without resort to speculation. When the record contains no proof beyond speculation to support the verdict, judgment as a matter of law is appropriate.'" *Id.* (quoting *Fought v. Hayes Wheels Int'l, Inc.*, 101 F.3d 1275, 1277 (8th Cir. 1996)).

The Agreement executed by the parties contains an integration clause. Generally, "[w]hen an agreement is deemed fully integrated, the parol evidence rule prevents the receipt of any extrinsic evidence to contradict (or even supplement) the terms of the written agreement." *Whalen v. Connelly*, 545 N.W.2d 284, 290 (Iowa 1996). However, it is the function of the fact finder "to ascertain the true intent and meaning of the parties to the contract as revealed by the language used there." *Tamm, Inc. v. Pildis*, 249 N.W.2d 823, 832 (Iowa 1976). Accordingly, as the jury was instructed, "evidence may be offered for the purpose of interpreting and giving meaning to the terms of the contract." The jury was told that "as an aid to interpreting the contract, evidence is admissible which sheds light on the situation of the parties, prior negotiations, attendant circumstances, and the objects the parties were striving to attain."

Here, BVS was permitted to offer evidence in support of its claim that the parties intended the contract language to include "unfettered access" to CUES' publications and conferences. The jury apparently concluded BVS had failed to meet its burden in that regard. The meaning which BVS urged the jury to attribute to the contract language is identical to the representations which Dennis Porter allegedly made in fraudulently inducing Roy Karon to sign the contract. In *Whalen*, the Court held that a claim of fraudulent inducement will not lie if the alleged representations are included in the integrated agreement.

> [A]ll of the alleged representations involved matters that were specifically addressed in the integrated written partnership agreements and corresponding letter agreements. Although we

5

> have allowed fraudulent inducement claims to proceed despite
> an integration clause in a contract, we have done so only with
> regard to misrepresentations concerning facts or circumstances
> not included in the written contract.

*Whalen*, 545 N.W.2d at 294. Here, the representations allegedly made by Porter were, according to BVS, within the meaning of the language contained in the contract. Accordingly, as a matter of law, BVS cannot recover on a claim of fraud in the inducement when the alleged promises were incorporated in the contract.

In any event, the Court believes that BVS' claim of fraud in the inducement fails as a factual matter. BVS had the burden of establishing by clear and convincing evidence: (1) representation; (2) falsity; (3) materiality; (4) scienter; (5) intent to deceive; (6) reliance; and (7) resulting injury and damage. *Id.* at 294. Even viewing the evidence in the light most favorable to BVS, the Court finds it failed to establish by clear and convincing evidence scienter, intent to deceive, or reliance. BVS is an established business and Roy Karon is a sophisticated and successful businessman. Karon was primarily responsible for drafting the agreement, and the Agreement was reviewed by BVS' attorneys before it was executed. Furthermore, there is no evidence that Dennis Porter, or CUES, had any intent to deceive Karon or BVS. To the contrary, all of the evidence suggested that Porter was an enthusiastic supporter of the relationship between BVS and Cues. Accordingly, I decline the opportunity to reverse my decision on CUES' Rule 50(a) motion.

### III. ORDER

For the reasons set forth above, the Motion for New Trial (docket number 73) filed by BVS, Inc. is **DENIED**.

DATED this 27th day of December, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA